UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| AMCO INSURANCE COMPANY, as | : | **CIVIL NO. 1:09-CV-01813** |
| subrogee of NAMAN HOSPITALITY, | : | |
| L.P. and NAMAN L.L.C. d/b/a | : | (Judge Conner) |
| BEST WESTERN - NEW CUMBERLAND, | : | |
| | : | (Magistrate Judge Smyser) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| VARISH CONSTRUCTION, INC., | : | |
| FRITZ FIRE PROTECTION CO., INC., | : | |
| and HUDSON INSULATION SUPPLY | : | |
| OF PA., L.L.C., | : | |
| | : | |
| Defendants | : | |
| | : | |
| | : | |
| VARISH CONSTRUCTION, INC., | : | |
| | : | |
| Third-Party | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| M&3S,Inc., | : | |
| E&G ELECTRICAL CONTRACTORS, LLC, | : | |
| SIMPLEXGRINNELL LP, and | : | |
| STR GRINNELL GP HOLDING INC., | : | |
| | : | |
| Third-Party | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

On September 21, 2009, the plaintiff, Amco Insurance Company as subrogee of Naman Hospitality, L.P. and Naman L.L.C. d/b/a Best Western - New Cumberland, commenced this action by filing a complaint. On November 23, 2009, the plaintiff filed an amended complaint (doc. 10).

The jurisdiction of this court is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The defendants named in the amended complaint are Varish Construction, Inc. (Varish), Fritz Fire Protection Co., Inc. (Fritz) and Hudson Insulation Supply of PA, L.L.C. (Hudson).

The plaintiff alleges the following in the amended complaint. In 2006, the defendants participated in the design, planning, permitting, construction and supervision of a hotel at 702 Limekiln Road, New Cumberland, Pennsylvania. Varish was the general contractor, Fritz was the sprinkler subcontractor

2

and Hudson was the insulation subcontractor.  In 2008, M&3S
sold the hotel to Naman Hospitality, L.P. and Naman L.L.C.
d/b/a Best Western - New Cumberland.  The plaintiff provided
insurance coverage to Naman Hospitality, L.P. and Naman L.L.C.
d/b/a Best Western - New Cumberland.  In January of 2009,
water-filled pipes associated with the automatic fire sprinkler
system at the hotel froze, ruptured and damaged the hotel.

The plaintiff claims that the rupture was caused by the
culpable conduct of the defendants.  The amended complaint
contains four counts.  Count I is a claim of negligence per se.
Count II is a claim of negligence.  Count III is a claim of
breach of contract.  Count IV is a claim of breach of warranty.

Varish filed crossclaims (doc. 13) for indemnity and
contribution against Fritz and Hudson.  Varish also filed a
third-party complaint (doc. 15) for indemnity and contribution
against M&3S, Inc. (M&3S), the former owner of the hotel, and
an amended third-party complaint (doc. 45) for contribution and
indemnity against E&G Electrical Contractors LLC (E&G),

3

SimplexGrinnell LP (SimplexGrinnell) and STR Grinnell GP
Holding Inc. (STR Grinnell).

Fritz filed crossclaims (docs. 14, 27 & 64) for
contribution and indemnity against Varish, Hudson, E&G, M&3s,
Simplex Grinnell and STR Grinnell.

E&G filed a counterclaim (doc. 46) for contribution and
indemnity against Varish and cross claims (doc. 46) for
contribution and indemnity against all other defendants and
third-party defendants.

In this Report and Recommendation, we address the
following motions: 1) Simplex Grinnell's motion (doc. 52) to
dismiss Varish's amended third-party complaint; 2) STR
Grinell's motion (doc. 66) to dismiss Varish's amended third-
party complaint; 3) SimplexGrinnell's motion (doc. 49) to
dismiss E&G's crossclaim 4) SimplexGrinnell's partial motion
(doc. 83) to dismiss Fritz's crossclaim; and 5) STR Grinnell's
partial motion (doc. 87) to dismiss Fritz's crossclaim.

II.  Motion to Dismiss and Pleading Standards.


        A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

challenges the legal sufficiency of the pleading at issue.  In

deciding a motion to dismiss, we must accept all well-pleaded

factual allegations in the pleading as true, "construe the

complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *McTernan*

*v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting

*Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.

2008)).


        "Under Federal Rule of Civil Procedure 8(a)(2), a

pleading must contain a 'short and plain statement of the claim

showing that the pleader is entitled to relief.'" *Ashcroft v.*

*Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by

Rule 8(a)(2) need only give the defendant fair notice of what

the plaintiff's claim is and of the grounds upon which it

rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed

factual allegations are not required. *Bell Atlantic Corp. v.*

5

*Twombly*, 550 U.S. 544, 555 (2007). However, more is required

than labels, conclusions and a formulaic recitation of the

elements of a cause of action. *Id.* "In other words, a

complaint must do more than allege the plaintiff's entitlement

to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d

Cir. 2009). "A complaint has to "show" such an entitlement

with its facts." *Id.* "While legal conclusions can provide the

framework of a complaint, they must be supported by factual

allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there

are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give

rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft,*

*supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at

570). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "The plausibility standard is not

akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Id.*

III.  Discussion.

     The pending motions to dismiss all concern claims of

contribution and indemnity.  Before addressing each motion, we

set forth the law applicable to contribution and indemnity

claims.

     Under Pennsylvania law, the right of contribution is

governed by the Uniform Contribution Among Tort-feasors Act, 42

Pa.C.S.A. § 8321-8327.  Contribution applies when the parties

are joint tortfeasors. *Kirschbaum v. WRGSB Assocs.,* 243 F.3d

145, 156 (3d Cir. 2001).  "Under the Act, joint tortfeasors are

entitled to contribution if they have paid more than their pro

rata share of a common liability." *Rabatin v. Columbus Lines,*

*Inc.,* 790 F.2d 22, 24 (3d Cir. 1986).  The Act defines joint

tortfeasors as "two or more persons jointly or severally liable

in tort for the same injury to persons or property, whether or

not judgment has been recovered against all or some of them."

42 Pa.C.S.A. § 8322.  "Under Pennsylvania law, two actors are joint tortfeasors if their conduct 'causes a single harm which cannot be apportioned . . .  even though [the actors] may have acted independently.'" *Rabatin, supra,* 790 F.2d at 25 (quoting *Capone v. Donovan,* 480 A.2d 1249, 1251 (Pa.Super.Ct. 1984)).

Contribution "is an equitable right based on a common liability to the plaintiff.'" *Walton v. Avco Corp.,* 610 A.2d 454, 461 (Pa. 1992)(quoting *John W. Brown, Jr. Equipment Rental Corp. v. Dickey,* 155 A.2d 836, 838 (Pa. 1959)).  Contribution "is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both [tortfeasors]." *Swartz v. Sunderland,* 169 A.2d 289, 290 (Pa. 1961).

"Indemnification is 'a fault shifting mechanism.'" *Sovereign Bank v. BJ's Wholesale Club, Inc.,* 533 F.3d 162, 174 (3d Cir. 2008)(quoting *Sirianni v. Nugent Bros., Inc.,* 506 A.2d 868, 871 (Pa. 1986)).  Indemnity "'shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead.'" *Walton,*

*supra,* 610 A.2d at 460(quoting W. Prosser, *Law of Torts* at 310
(4ᵗʰ ed. 1979)).


      Indemnity may be based either on a contractual
provision or on the common law right of indemnification.
The common law "right of indemnification arises when there is a
'difference between the primary and the secondary liability of
two persons each of whom is made responsible by the law to an
injured party.'" *Kirschbaum*, *supra,* 243 F.3d at 156 (quoting
*Builders Supply Co. v. McCabe,* 77 A.2d 368, 370 (Pa. 1951)).
"It is a right which enures to a person who, without active
fault on his own part, has been compelled, by reason of some
legal obligation, to pay damages occasioned by the initial
negligence of another, and for which he himself is only
secondarily liable." *Builders Supply Co. v. McCabe,* 77 A.2d
368, 370 (Pa. 1951)) "[S]econdary as distinguished from primary
liability rests upon a fault that is imputed or constructive
only, being based on some legal relation between the parties,
or arising from some positive rule of common or statutory law
or because of a failure to discover or correct a defect or
remedy a dangerous condition caused by the act of the one

primarily responsible." *Id.* "In the case of *concurrent* or

*joint* tortfeasors, having no legal relation to one another,

each of them owing the same duty to the injured party, and

involved in an accident in which the injury occurs, there is

complete unanimity among the authorities everywhere that no

right of indemnity exists on behalf of either against the

other; in such a case, there is only a common liability and not

a primary and secondary one, even though one may have been very

much more negligent that the other." *Id.*


 "Thus, unlike comparative negligence or contribution,

the common law right of indemnity is not a fault sharing

mechanism between one who was predominantly responsible for an

accident and one whose negligence was relatively minor."

*Sirianni v. Nugent Bros., Inc.,* 506 A.2d 868, 871 (Pa. 1986).

"Rather, it is a fault shifting mechanism, operable only when a

defendant who has been held liable to a plaintiff solely by

operation of law, seeks to recover his loss from a defendant

who was actually responsible for the accident which occasioned

the loss." *Id.* Common law indemnity is not available to a

party that had any part in causing the injury. *MIIX Ins. Co. v. Epstein,* 937 A.2d 469, 472 (Pa.Super.Ct. 2007).

A. SimplexGrinnell's Motion to Dismiss the Amended Third-Party Complaint of Varish.

In its amended third party complaint (doc. 45), Varish asserts contribution and indemnity claims. Varish alleges that E&G was the electrical contractor for the hotel project and was to supply and install a fire alarm system including a water flow detection alarm system which could be monitored for ruptures in the sprinkler system. E&G was to supply and install a system which would comply with all applicable laws, codes, ordinances and industry standards. Varish alleges that E&G entered into a subcontract with SimplexGrinnell to install the fire alarm system. Varish alleges that STR Grinnell is the general partner of SimplexGrinnell.

Varish alleges that the fire alarm system failed to activate in a timely fashion when the sprinkler pipe ruptured and as a result water spread throughout the hotel instead of

being contained to a limited area.  Varish alleges that E&G and SimplexGrinnell undertook to install the water flow detection alarm system which they recognized or should have recognized as necessary for the protection of the Best Western - New Cumberland, that they failed to exercise reasonable care in doing so and that as a result the Best Western - New Cumberland suffered extensive water damage.  Varish alleges that it relied upon E&G and SimplexGrinnell to properly install the alarm system.  Varish alleges that E&G and SimplexGrinnell impliedly warranted that the fire alarm system, including the water flow detection alarm, was designed, constructed and installed in a reasonably workmanlike and merchantable manner and fit for the particular purposes intended.

Varish claims that E&G, SimplexGrinnell and STR Grinnell may be directly liable to the plaintiff or, in the alternative, liable to Varish for contribution and indemnity.

In its brief in support of its motion to dismiss Varish's amended third-party complaint, SimplexGrinnell argues that the amended third-party complaint fails to state either a

contribution claim or an indemnity claim against it upon which relief can be granted.

SimplexGrinnell argues that an actionable contribution claim is not stated because it had no duty other than to install the alarm system based on its contract with E&G Electric and that that contractual duty did not extend to the plaintiff such that it could be liable to the plaintiff in tort. In essence, SimplexGrinnell argues that it could not be a joint tortfeasor with Varish and, therefore, Varish could not state a claim for contribution upon which relief can be granted.

In response, Varish argues that SimplexGrinnell could be liable to the plaintiff under Section 324A of the Restatement (Second) of Torts based on its negligent installation of the alarm system. Varish also argues that SimplexGrinnell could be liable on a theory of negligence *per se* based on its failure to comply with applicable provisions of the Pennsylvania Code.

In its reply brief, SimplexGrinnell withdrew its argument that it owed no duty to the plaintiff such that it could be liable to the plaintiff.  SimplexGrinnell states that the issue of whether it had any duty in this matter will be reserved for a motion for summary judgment, if appropriate. Given the withdrawal of its argument that it had no duty to the plaintiff, we deem SimplexGrinnell to be conceding for the purpose of its motion to dismiss that it can be considered a joint tortfeasor.  Given that concession, we will recommend that SimplexGrinnell's motion to dismiss the contribution claim of Varish be denied.

Although SimplexGrinnell withdrew its argument that it had no duty to the plaintiff, in its reply brief it argues that any negligence *per se* claim against it must fail.  Given that SimplexGrinnell concedes for the purpose of its motion to dismiss that it can be a joint tortfeasor under Section 324A of the Restatement (Second) of Torts based on its alleged negligent installation of the alarm system, there is no need to address whether it could also be a joint tortfeasor with Varish based on other theories.  To the extent that the court

considers it to be necessary to address whether or not

SimplexGrinnell can be liable on a negligence *per se* theory, we

note that Varish's amended third-party complaint can not be

reasonably construed as alleging that SimplexGrinnell was a

joint tortfeasor with it on a negligence *per se* theory.

Although Varish alleges that E&G was to supply and install a

system which would comply with all applicable laws, codes,

ordinances and industry standards, Varish does not allege in

its amended third-party complaint that SimplexGrinnell failed

to comply with any applicable laws, codes, ordinances and

industry standards.[1]

---

1. Even assuming *arguendo* that Varish's amended third-party
complaint is construed as containing a negligence *per se* theory,
the specific contentions raised by SimplexGrinnell in opposition
to that theory have not been adequately briefed.  SimplexGrinnell
contends that the Pennsylvania Code creates standards and duties
for building owners and does not create any independent duty on
the part of SimplexGrinnell.  In support of that contention,
SimplexGrinnell merely cites generally to Title 34 of the
Pennsylvania Code.  Varish contends that the standards of the
Pennsylvania Code apply when the fire alarm system is initially
installed and, thus, Varish disputes the contention that the Code
provisions do not apply to SimplexGrinnell.  Varish has not cited
any support for its contention.  Given the deficient briefing by
the parties, the court can not decide that issue at this time.
SimplexGrinnell also argues that the Pennsylvania Code does not
require a fire alarm system where a hotel is fully protected by an
automatic sprinkler system and thus the Code would not apply to
the work of SimplexGrinnell.  At this point we do not know the
precise nature of the system installed or of the system contracted

(continued...)

SimplexGrinnell also contends that Varish's amended third-party complaint fails to state a claim for indemnity upon which relief can be granted against it. SimplexGrinnell argues that there is no special relationship between it and Varish to support a claim of indemnity and that Varish has not pled such a special relationship.

As set forth above, a party who is only secondarily liable may assert an indemnity claim against a party that is primarily liable. *See Builders Supply, supra,* 77 A.2d at 370 "[S]econdary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous

---

1. (...continued)
for, thus we can not address that issue at this time. SimplexGrinnell also asserts that although the Pennsylvania Code cites to NFPA 13 dealing with the installation of sprinkler systems it does not cite to NFPA 72 which applies to the installation and maintenance of fire alarm systems. SimplexGrinnell intimates that therefore the Code does not apply to it. Again, due to the lack of information regarding the precise nature of the system installed or of the system contracted for, we can not address that issue at this time.

condition caused by the act of the one primarily responsible."
*Id.*

Varish argues that if it is found to be liable to the
plaintiff because of how the fire sprinkler system was
installed, its liability would be in no way due to any active
fault on its part but rather its liability would be premised
upon its legal obligation as the general contractor on the
project.  Varish alleges in its amended third-party complaint
that it relied upon E&G and SimplexGrinnell to properly install
the alarm system.  Construing that allegation in the light most
favorable to Varish, the amended third-party complaint can be
construed as claiming that Varish would only be secondarily
liable and that SimplexGrinnell would be primarily liable to
the plaintiff.  The amended third-party complaint could be
construed as alleging that Varish's liability would be based on
a failure to discover or correct a defect or remedy a dangerous
condition caused by SimplexGrinnell.  Accordingly, we conclude
that Varish's amended third-party complaint states an indemnity
claim upon which relief may be granted against SimplexGrinell.

In sum, it will be recommended that SimplexGrinnell's motion to dismiss Varish's amended third-party complaint be denied.

   B. STR Grinnell's Motion to Dismiss the Amended
      Third-Party Complaint of Varish.

Varish alleges that STR Grinnell is the general partner of SimplexGrinnell.  Varish's claims against STR Grinnell are the same as its claims against SimplexGrinnell.  Varish contends that STR Grinnell is liable to the same extent as SimplexGrinnell.  STR Grinnell has raised the same arguments in support of its motion to dismiss Varish's amended third-party complaint as SimplexGrinnell raised.  The discussion set forth above with respect to the motion to dismiss filed by SimplexGrinnell applies as well to the motion to dismiss filed by STR Grinnell.  For the reasons set forth above, it will be recommended that STR Grinnell's motion to dismiss Varish's amended third-party complaint be denied.

C. SimplexGrinnell's Motion to Dismiss E&G's Crossclaim.

E&G filed a crossclaim for indemnification and contribution against all other defendants and third-party defendants.

SimplexGrinnell contends that E&G fails to state either a contribution or an indemnity claim upon which relief can be granted against it. SimplexGrinnell points out that E&G's crossclaim pleads no facts.

In addition to a prayer for relief, the entirety of E&G's crossclaims reads:

> Without admiting any liability, if third-party defendant E&G Electrical Contractors, L.L.C is found liable to third-party plaintiff Varish Construction, Inc., or any other party in this matter, third-party defendant E&G Electrical Contractors, L.L.C. is entitled to indemnification and/or contribution from all other defendants and third-party defendants now or hereafter joined as defendants or third-party defendants in this matter.

*Doc. 46* at ¶22.

E&G's alleges nothing more than a legal conclusion in its crossclaim.  As E&G's crossclaim pleads no facts whatsoever, it fails to state a claim upon which relief can be granted.  It will be recommended that SimplexGrinnell's motion to dismiss E&G's crossclaim be granted.[2]

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).  The court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id.*

We can not say that amendment of E&G's crossclaim would be inequitable or futile in this case.  Thus, we will recommend that E&G be granted leave to file an amended crossclaim.

---

2. Given our conclusion that E&G's crossclaim fails to state a claim upon which relief can be granted because it pleads no facts, we need not address SimplexGrinnell's other arguments for dismissal of the crossclaim.

D. SimplexGrinnell and STR Grinnell's Partial Motions
           to Dismiss Fritz's Crossclaim.


     Fritz filed a crossclaim for indemnification and

contribution against *inter alia* SimplexGrinnell and STR

Grinnell.  SimplexGrinnell and STR Grinnell each filed a

partial motion to dismiss Fritz's crossclaim.  Both

SimplexGrinnell and STR Grinnell seek dismissal of Fritz's

indemnity claim.


     In its crossclaim, Fritz alleges that the negligence,

recklessness and/or carelessness of SimplexGrinnell and STR

Grinnell exceeds any negligence or wrongdoing on its part and

that any negligence or wrongdoing on its part is expressly

denied.  Fritz further alleges that SimplexGrinnell and STR

Grinnell are solely liable to the plaintiff on the plaintiff's

cause of action.  Fritz alleges that if it is determined that

it is liable to the plaintiff then SimplexGrinnell and STR

Grinnell are jointly and severally liable with it on

plaintiff's cause of action and/or are liable over to Fritz by

way of contribution and/or indemnification.  Fritz incorporates

by reference all of the allegations in the plaintiff's amended complaint and in the third-party complaints of Varish.

SimplexGrinnell and STR Grinnell argue that there is no special relationship between them and Fritz to support a claim of indemnity and that Fritz has not pled such a special relationship.

Fritz has not alleged any facts which would raise a plausible inference that it would only be secondarily liable and that SimplexGrinnell and STR Grinnell would be primarily liable to the plaintiff. Accordingly, we conclude that Fritz has failed to state an indemnity claim against SimplexGrinnell and STR Grinnell upon which relief can be granted.

We note that SimplexGrinnell and STR Grinnell's argument regarding Fritz's indemnity claim is the same as the argument made by SimplexGrinnell and STR Grinnell in opposition to Varish's indemnity claim. As set forth above, Varish alleges in its amended third party complaint that it relied upon E&G and SimplexGrinnell to properly install the alarm

system.  Given that allegation, we concluded that Varish's

amended third-party complaint can be construed as claiming that

Varish would only be secondarily liable and that

SimplexGrinnell would be primarily liable to the plaintiff.  We

reasoned that Varish's amended third-party complaint could be

construed as alleging that its liability would be based on a

failure to discover or correct a defect or remedy a dangerous

condition caused by SimplexGrinnell.  There is no similar

allegation that Fritz relied upon SimplexGrinnell to properly

install the alarm system.  Thus, the result is different.


        We can not say that amendment of Fritz's crossclaim

would be inequitable or futile in this case.  Thus, we will

recommend that Fritz be granted leave to file an amended

crossclaim.


IV.  Recommendations.


        Based on the foregoing, it is recommended that
SimplexGrinnell's motion (doc. 52) to dismiss Varish's amended
third-party complaint be denied and that STR Grinnell's motion
(doc. 66) to dismiss Varish's amended third-party complaint be
denied.  It is further recommended that SimplexGrinnell's

motion (doc. 49) to dismiss E&G's crossclaim be granted, that
SimplexGrinnell and STR Grinnell's partial motions (doc. 83 &
87) to dismiss Fritz's crossclaim be granted.  It is further
recommended that E&G and Fritz be granted leave to file amended
crossclaims.  Finally, it is recommended that the case be
remanded to the undersigned for further proceedings.


                                        _/s/ J. Andrew Smyser_
                                        J. Andrew Smyser
                                        Magistrate Judge



Dated:  July 15, 2010.