# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMCO INSURANCE COMPANY,** | : CIVIL ACTION NO. 1:09-CV-1813 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **VARISH CONSTRUCTION, INC.,** **FRITZ FIRE PROTECTION CO., INC.,** and **HUDSON INSULATION SUPPLY OF PA, L.L.C.,** | : |
| Defendants | : |
| **VARISH CONSTRUCTION, INC.,** | : |
| Third-Party Plaintiff | : |
| v. | : |
| **M&3S, INC., E&G ELECTRICAL CONTRACTORS, L.L.C., SIMPLEXGRINNELL, LP,** and **STR GRINNELL GP HOLDING, INC.,** | : |
| Third-Party Defendants | : |

## ORDER

AND NOW, this 16th day of August, 2010, upon consideration of the report (Doc. 101) of the magistrate judge, recommending (1) that the motion (Doc. 52), filed by third-party defendant SimplexGrinnell, LP ("SimplexGrinnell"), to dismiss the amended third-party complaint brought by Varish Construction, Inc. ("Varish"), be denied, (2) that the motion (Doc. 66), filed by third-party defendant STR Grinnell GP Holding, Inc. ("STR Grinnell"), to dismiss Varish's amended third-party complaint, be denied, (3) that the motion (Doc. 49), filed by SimplexGrinnell, to

dismiss the crossclaim brought by E&G Electrical Contractors, L.L.C. ("E&G"), be granted, (4) that the motions (Docs. 83, 87), filed by SimplexGrinnell and STR Grinnell, for partial dismissal of the crossclaim brought by Fritz Fire Protection Co., Inc. ("Fritz"), be granted, (5) that E&G and Fritz be granted leave to file amended crossclaims, and (6) that the above-captioned case be remanded to the magistrate judge, and it appearing that neither party has objected to the magistrate judge's recommendations,[1] and, following an independent review of the record, it further appearing that there is no clear error on the face of the record,[2] see Nara v.

---

[1] Objections to the report were due on or before June 11, 2010. (See Doc. 12.) As of the date of this order, none have been filed.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that when parties do not object to a report and recommendation, the court's review is conducted under the "plain error" standard, pursuant to which "the error must have been 'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings"); Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (holding that the district court is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review an unobjected-to report for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report and recommendation (Doc. 101) of the magistrate judge is ADOPTED.

2. SimplexGrinnell's motion (Doc. 52) to dismiss Varish's amended third-party complaint is DENIED.

3. STR Grinnell's motion (Doc. 66) to dismiss Varish's amended third-party complaint is DENIED.

4. SimplexGrinnell's motion (Doc. 49) to dismiss E&G's crossclaim is GRANTED, without prejudice to E&G's leave to file an amended crossclaim.

5. The motions (Docs. 83, 87), filed by SimplexGrinnell and STR Grinnell, for partial dismissal of Fritz's crossclaim are GRANTED, without prejudice to Fritz's leave to file an amended crossclaim.

6. The case is REMANDED to the magistrate judge for further proceedings.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge